FILED

NOV 13 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

OSCAR PETTIGREW (4),

Defendant.

Case No. SA-12-CR-788-XR (4)

## AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT

On this day came on to be considered the Petition to revoke the Defendant's supervised release filed September 23, 2019. The parties, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

*1. Supervised Release Violations.* A 3-year term of Supervised Release was ordered as a condition of the sentence imposed upon the Defendant, on February 11, 2016, by this Court. The term of Supervised Release began on December 22, 2017. On September 23, 2019, a Petition to revoke the Defendant's supervised release was filed.

*2. Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his supervised release, the Court could assess imprisonment up to a statutory maximum of 2 years up to Life, consecutive to any other sentence imposed or to be imposed upon him; (2) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (3) he admits to committing the misconduct summarized above; and (4) the United States could prove such misconduct by a preponderance of the evidence.

3. *Defendant's waiver of rights.* Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowingly, and intelligently: (1) waives his rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, Title 18 U.S.C. Section 3583(e)(3), (g)(1), and/or otherwise, to be present and participating with his lawyer at a proceeding at which the Defendant's supervised release is revoked and he is re-sentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in supervised release revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or her counsel.

4. *Defendant and Government Agree to a Sentencing Range:* The Government and Defendant agree to a sentence of **12 months and 1 day imprisonment with no supervised release to follow.**

5. *Violations:* The Government and Defendant agree to the following violations:

   1) The defendant shall not vomit another federal, state or local crime during his term of supervision in that the offender committed the state crime of Fleeing a Police Officer in Tarrant County, Texas on or about August 31, 2019.

6. *Court's Decision:* In view of the foregoing, based on defendant's uncontested violation of his supervised release, for which there is adequate factual basis as summarized above, the Court reaches the following decision:

   1) Defendant's term of supervised release is revoked pursuant to Title 18 U.S.C. Section 3583(e)(3).

   2) Defendant is remanded to the custody of the Bureau of Prisons for **12 months**

**and 1 day imprisonment with no supervised release to follow.** The defendant shall receive credit for time served dating back to his federal arrest on the petition for warrant.

3) No further supervision to follow.

Signed this 13th day of November, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

UNDERSTOOD AND AGREED TO IN EVERY RESPECT

DATE: Nov 13, 2019

_____
OSCAR PETTIGREW
Defendant

DATE: Nov. 13, 2019

_____
ALAN BROWN
Attorney for Defendant

DATE: November 6, 2019

_____
SAM L. PONDER
Assistant U.S. Attorney

(Counsel for the government has conferred with the USPO and the Officer agrees that the sentence is appropriate.)